IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:19CR081 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| GREGORY C. RAYMORE, | ) | GOVERNMENT'S SENTENCING |
| | ) | MEMORANDUM |
| Defendant. | ) | |

Now comes the United States of America, by and through its attorneys, Justin E. Herdman, United States Attorney, and Scott Zarzycki and Margaret Kane, Assistant United States Attorneys, and hereby files this sentencing memorandum. The Government agrees with the calculations contained within the Presentence Investigation Report filed July 3, 2019. (R. 40: PSR, PageID 177). And recommends a sentence within the high end of the range specified in paragraph 65 of the report.

**I.      OFFENSE CONDUCT AND GUIDELINE CALCULATION**

A.      Offense Conduct

On May 27, 2018, at approximately 2:00 a.m., numerous patrons were leaving the "Our Space" bar located at 201 East 29th Street in Lorain, Ohio. Andre Hines and Eric McCullough were shot as they walked to their vehicle parked in an alley. McCullough was shot once in his lower left leg. Hines was shot multiple times in the chest and later died.

Officers immediately responded and found a chaotic scene with numerous uncooperative and intoxicated witnesses. Officers located Gregory Raymore a few feet from the victims and detained him for a brief period but then released him to deal with the crowd. Officers located five spent .45 caliber shell casings in the alley very close to the victims. A black Nissan Rogue

was parked in the alley next to where Hines fell to the ground. A sixth .45 caliber shell casing was recovered from inside the windshield wiper well of the Nissan Rogue. Inside the Nissan Rogue officers recovered an unfired bullet, cell phone, and a large capacity magazine with fifteen unfired .45 caliber bullets. Officers located a pair of black nylon gloves east of the location where the victims fell. A Smith & Wesson, Model 1911, .45 caliber semi-automatic handgun, serial number UCU7604, loaded with eight live rounds, was recovered under a truck parked next to the Nissan Rogue, a few feet from the victims.

Ballistics testing on the shell casings revealed that they were all fired from the same gun. However, when the casings were compared with the recovered firearm, it was determined that they were not fired from that weapon. Gregory Raymore's DNA was found on the recovered firearm, the large capacity magazine, the cell phone, and on the inside of the black nylon gloves. The black gloves tested positive for gunshot residue.

The Nissan Rogue was rented by a woman named Sharetta Jackson. The night of the shooting Jackson loaned the vehicle to Pansy Raymore. She is the sister of Gregory Raymore.

Raymore was interviewed by Police. He admitted he knew Hines but denied any involvement in the shooting. He said he was in the front of the bar when he heard the shots and was immediately confronted by police.

Video surveillance shows Raymore inside the bar carrying black gloves that appear to be the same as the gloves recovered from the crime scene. Raymore can be seen walking towards the area of the shooting just prior to the shooting. Raymore can be seen on surveillance video walking away from the scene after the shooting and after being confronted by the police just feet away from the crime scene. Finally, he is seen returning to the crime scene while police were assisting the gunshot victims.

B.	Guideline Calculation

Gregory C. Raymore was indicted on February 12, 2019, for one count of felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2).  (R. 1, Indictment: PageID 1-2).  A jury trial commenced on April 9, 2019 and concluded on April 11, 2019 with a verdict of guilty (R. 33: Trial Minutes, PageID 140).  The following is the relevant guideline calculations as correctly stated in the presentence report (R. 40: PSR, PageID 177).

| **U.S.S.G. § 2K2.1: Felon in Possession of a Firearm** | | |
|---|---|---|
| Base offense level (high capacity magazine plus two prior felony convictions of crime of violence) | 26 | §2K2.1(a)(1) |
| Specific Offense Characteristics | N/A | |
| **Subtotal** | **26** | |

With an offense level 26 and a criminal history category of V, his guideline imprisonment range is 110-137 months, with the statutory maximum limiting the permissible range to 110-120 months (R. 40: PSR, PageID 186).

## II.	SENTENCING FACTORS 18 U.S.C. § 3553(A)

Upon properly calculating the advisory guideline range, this Court is required to follow 18 U.S.C. § 3553(a), which states:

> This Court is required to consider the following factors in determining the sentence.
>
> (a) Factors to be considered in imposing a sentence.--The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed--

3

>   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
>   (B) to afford adequate deterrence to criminal conduct;
>
>   (C) to protect the public from further crimes of the defendant; and
>
>   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
>   (3) the kinds of sentences available;
>
>   (4) the kinds of sentence and the sentencing range established for--
>
>   (5) any pertinent policy statement--
>
>   (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
>   (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

The nature and circumstances of Raymore's criminal history indicate that this Court has much to consider. Gregory C. Raymore is thirty-two years old and has numerous and repeated violent, drug, and firearm convictions over the past thirteen years. The list below represents only his felony convictions.

On December 27, 2004, Raymore was arrested for forcing his way into a woman's home with two other individuals after she had just returned from taking her kids to school. Brandishing a knife, they beat, robbed and hog tied the victim. At one point it was reported that Raymore instructed his accomplices to kill her. On July 25, 2005, Raymore was convicted of aggravated burglary (F1), aggravated robbery (F1) and obstructing official business. The Court imposed a prison sentence of 3 years, to run concurrently with two other criminal cases.

On February 11, 2005, Raymore was arrested for being in possession of a .22 caliber revolver. On August 19, 2005, Raymore was of carrying a concealed weapon (F4). The Court imposed a prison sentence of 6 months, to run concurrently with his other two cases.

On March 29, 2005, Raymore was pulled over in a traffic stop and ran from the arresting officer. A chase ensued resulting in multiple confrontations where Raymore fought and struggled with the officer. Once officers arrived to assist, Raymore was secured and taken into custody. On August 19, 2005, Raymore was convicted of obstructing official business (F5), and resisting arrest (M2). The Court imposed a prison sentence of 6 months, to run concurrently with his previous cases.

On April 1, 2009, not long after being released from prison for his last three felony offenses, Raymore was arrested again for first refusing to provide his ID. He then threatened and pushed an officer and attempted to grab his duty belt. On June 15, 2009, Raymore was convicted of assault on a police officer (F4), obstructing official business (F5), and resisting arrest (M1). The Court imposed a prison sentence of 7 months.

On May 26, 2010, Raymore was arrested with numerous rock like pieces of crack cocaine in his pants pocket. On September 15, 2011, Raymore was convicted of drug possession (F3). The Court imposed a prison sentence of 1 year.

On July 26, 2011, just over one year since his previous conviction and likely just after his release from prison, Raymore was again arrested. Police responded to the scene of an attempted carjacking at knife point. Raymore was confronted in the area because he matched the description of the suspect. He again attempted to flee and was taken into custody while trying to reach for something in his pocket. A loaded Ruger 9mm semi-automatic pistol was recovered. On April 5, 2011, he was convicted of felon in possession of a firearm in Federal District Court and sentenced to 80 months (6.7 years) in prison.

On May 27, 2018, just 7 years after being sent to prison for his last case, he committed the instant offense and was illegally in possession of a firearm for the third time while under Federal supervision for his previous case.  Raymore has not stopped committing crimes since 2004.

As a result of Raymore's consistent and unabated criminal activity over the last thirteen years and absolute failure to benefit from previously imposed sanctions, the Government's position is that his criminal history score is not overrepresented, and a sentence within the highest end of the guideline range reflects the seriousness of his offense, promotes respect for the law and provides just punishment for his criminal conduct.  Furthermore, the Presentence Investigation Report has not identified any factors as possible grounds for a departure or variance from the sentencing guidelines provisions.

### III.   CONCLUSION

Based on the lengthy and repeated criminal history, his criminal offenses while under court supervision or sanction, and complete lack of regard for the criminal justice system, the Government respectfully requests this Court sentence Gregory Raymore within the high end of the advisory guideline range.

Respectfully submitted,

JUSTIN E. HERDMAN
United States Attorney

By:   /s/ Scott Zarzycki
Scott Zarzycki (OH: 0072609)
Margaret Kane (OH: 0082084)
Assistant United States Attorneys
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
(216) 622-3971/3709
(216) 522-8355 (facsimile)
Scott.Zarzycki@usdoj.gov
Margaret.Kane@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of July 2019, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

/s/ Scott Zarzycki
Scott Zarzycki
Assistant U.S. Attorney