# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

|  |  |
|---|---|
| GREGORY C. RAYMORE, | CASE NO. 1:19 CR 00081 |
| Petitioner, | JUDGE DONALD C. NUGENT |
| v. |  |
| UNITED STATES OF AMERICA, | MEMORANDUM OPINION |
| Respondent. |  |

This matter comes before the Court upon Gregory Raymore's (hereinafter "Mr. Raymore") pro se Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. (ECF #68). In Mr. Raymore's memorandum in support of his motion., he raises two grounds for relief: (1) ineffective assistance of counsel in violation of the Sixth Amendment and (2) violation of his right to a fair trial by an impartial jury under the Sixth Amendment. (ECF #68-1). The Government filed a Response in Opposition on November 15, 2021. (ECF #70).

## Background

On April 11, 2019, following a jury trial, Mr. Raymore was convicted of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (ECF #70). He was sentenced to 110 months imprisonment to be served consecutively to a 24-month imprisonment sentence for violating supervised release in Northern District of Ohio, Case Number 1:11CR298. The United States Court of Appeals for the Sixth Circuit affirmed the trial court's judgment on appeal. (ECF # 70). Subsequently, Mr. Raymore filed a petition for certiorari in the United States Supreme Court which was denied on June 21, 2021. (ECF #68).

Mr. Raymore filed this instant motion on October 28, 2021. He now seeks this Court to vacate his sentence pursuant to 28 U.S.C. § 2255 on the basis that he is being held in violation of his right to effective assistance of counsel and his right to a fair trial by an impartial jury.

**Legal Standard**

A petitioner that moves to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. §2255 must demonstrate that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255; *Hill v. United States*, 368 U.S. 424, 426-27 (1962). As such, a court may grant relief under § 2255 only if a petitioner has demonstrated "a fundamental defect which inherently results in a complete miscarriage of justice." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (internal quotation and citation omitted). If a § 2255 motion, as well as the files and records of the case, conclusively show that the petitioner is entitled to no relief, then the court need not grant a hearing on the motion. *See* 28 U.S.C. § 2255; *see also Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996) (recognizing that evidentiary hearing is not required when the record conclusively shows that petitioner is not entitled to relief).

To "obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982). Once a defendant has waived or exhausted his right to appeal, "we are entitled to presume he stands fairly and finally convicted." *Id.* at 164. Thus, to prevail on a § 2255 motion, Mr. Raymore must prove by a preponderance of the evidence that his constitutional rights were denied or infringed. *United States v. Wright*, 624 F.2d 557, 558 (5th Cir. 1980).

## Analysis
### A. Ineffective Assistance of Counsel

Mr. Raymore raised a claim of ineffective assistance of trial counsel on essentially three grounds: (1) counsel's failure to renew a judgment of acquittal motion at the close of all evidence; (2) counsel's failure to object when the district court addressed the jury's question by referring them to the jury instructions; and (3) counsel's failure to properly prepare for trial and investigate all evidence and witnesses. (ECF # 68-1).

In order to prevail on an ineffective assistance of counsel claim, a petitioner must show that his counsel's performance was deficient and "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 686-88 (1984). A petitioner must also establish prejudice. To establish prejudice, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Judicial scrutiny of counsel's performance must be "highly deferential," and counsel's conduct should be evaluated from "counsel's perspective at the time." *Id.* at 689. The question is "whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom." *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (quoting *Strickland*, 466 U.S. at 690).

Mr. Raymore's first allegation is that his trial attorney failed to renew his motion for a judgment of acquittal at the close of evidence pursuant to Federal Rule of Criminal Procedure 29(a), which states, "after the government closes its evidence or the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." In his appeal to the Sixth Circuit, Mr. Raymore

claimed that the district court erroneously rejected his Rule 29 motion, which was raised by his trial counsel at the close of the government's evidence. The Sixth Circuit stated that in order to preserve a Rule 29 motion for appeal, the defendant must make the motion at the close "of the prosecution's case-in-chief *and* at the close of evidence." *United States v. Raymore*, 965 F.3d 475, 484 (6th Cir. 2020) (quoting *United States v. Kuehne*, 547 F.3d 667, 696 (6th Cir. 2008)) (emphasis added). The court reviewed Mr. Raymore's failure to renew his Rule 29 motion at the close of all of the evidence under a "manifest miscarriage of justice standard." *Raymore*, 965 F.3d at 484 (quoting *Kuehne*, 547 F.3d at 697). The Sixth Circuit declined to reverse Mr. Raymore's conviction under this standard because the record was not devoid of evidence pointing to Mr. Raymore's guilt. *Raymore*, 965 F.3d at 484. Mr. Raymore has failed to provide evidence that had his trial counsel renewed his Rule 29 motion at the close of evidence, the result would have been different. In addition, the failure to file meritless motions does not constitute ineffective assistance of counsel. *See* Jalowiec v. Bradshaw, 657 F.3d 293, 321-22 (6th Cir. 2011)). Lastly, "a § 2255 motion may not be used to relitigate an issue that was raised on appeal." *DuPont*, 76 F.3d at 110. Mr. Raymore is therefore barred from raising this issue because it was already litigated on appeal.

Mr. Raymore's second allegation is that his trial counsel was ineffective in his failure to object when the district court addressed the jury's question, "can a convicted felon touch an empty firearm or magazine and clip" by referring them to the jury instructions. A court should refer the jury to a previously given instruction only if the issue the question raises is covered in the jury instructions. *United States v. Taylor*, 1995 U.S. App. LEXIS 32103 at *14 (6th Cir. 1995) (finding that the trial court was not in plain error when it referred the jury to the instructions, which contained guidance on what is considered possession, following a jury

question about what constitutes possession). Similar to *Taylor*, the jury's question here concerned the meaning of possession and constructive possession, the definitions of which were fully covered in the jury instructions. Mr. Raymore's trial counsel was not ineffective for failing to object to the district court's ruling because the ruling was constitutional and proper.

Mr. Raymore's third allegation is that his trial counsel failed to properly prepare for trial and investigate the evidence and witnesses. Mr. Raymore argues that: (1) his counsel only had thirteen days to prepare for trial and was therefore unable to prepare a defense; (2) had his counsel investigated a defense, he would have obtained a DNA expert to review the government's DNA evidence because that was the only evidence connecting him to the firearm; and (3) his counsel failed to investigate the government's witnesses. (ECF #68-1). Firstly, there is no test to determine how much time is required for an attorney to properly prepare for trial. *United States v. Cordell*, 924 F.2d 614, 616-17 (holding that fourteen days was adequate time to prepare a defense and that the defendant had not been substantially prejudiced) (quoting *United States v. Wirsing*, 719 F.2d 859, 866 (6th Cir. 1983)). As a result, Mr. Raymore cannot succeed on this claim merely on the fact that his counsel was appointed thirteen days before the trial.

Secondly, at Mr. Raymore's trial, his counsel cross-examined the government's expert witness regarding the DNA evidence and ultimately got the witness to acknowledge that the DNA found on the firearm could have gotten there by secondary transfer and not the result of defendant's per se criminal conduct. This provides evidence that Mr. Raymore's counsel had time to prepare a defense and did not need to call a second DNA expert to establish reasonable doubt. Lastly, Mr. Raymore does not offer any proof that his counsel failed to investigate the government's witnesses or address how his trial was impacted by this failure in his memorandum

in support of his motion to vacate. (ECF #68-1). This Court finds that Mr. Raymore has failed to prove ineffective assistance of counsel under *Strickland*. 466 U.S. 668 (1984).

### B. Right to a Fair Trial by an Impartial Jury

Mr. Raymore also claims that he is being held in violation of his Sixth Amendment right to a fair trial by an impartial jury. Mr. Raymore argues that the district court's failure to answer the jury's question may have frustrated them resulting in them reaching a guilty verdict. (ECF #68-1). Mr. Raymore's contention is mere speculation. In addition, as discussed above, the district court's referral of the jury to the instructions was not in error and was constitutional. Mr. Raymore has failed to prove that his right to a fair trial was denied by a preponderance of the evidence. This Court finds that Mr. Raymore had a fair trial by an impartial jury.

## Certificate of Appealability

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> > (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> >
> > (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue

presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983)).

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. For the reasons stated above, the Court concludes that Mr. Raymore has failed to make a substantial showing of the denial of a constitutional right and there is no reasonable basis upon which to debate this Court's procedural rulings. Accordingly, the Court declines to issue a certificate of appealability.

For the reasons set forth above, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (ECF #68) is DENIED. Because the files and records in this case conclusively show that Petitioner is entitled to no relief under § 2255, no evidentiary hearing is required to resolve the pending Motion. Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision could not be taken in good faith and that there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

/s/ Donald C. Nugent
Donald C. Nugent
United States District Judge

DATED: March 3, 2022