UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:19 CR 81 |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| GREGORY C. RAYMORE, | ) | MEMORANDUM OPINION AND ORDER |
| Defendant. | ) | |

This matter comes before the Court upon Defendant, Gregory Raymore's second Motion for Compassionate Release under 18 U.S.C. §3582(c)(1)(A). (ECF #91). The Court appointed counsel to assist Mr. Raymore and counsel filed a Supplement to Defendant's Pro Se Motion to Reduce Sentence Pursuant to 18 U.S.C. 3582(c)(1)(A)(I) for Compassionate Release. (ECF #98). The Government filed a Response in Opposition. (ECF #101). No reply was filed.

Under the terms of the First Step Act, 18 U.S.C. §3582(c)(1)(A), inmates may file a request with the court to modify an imposed term of imprisonment for "extraordinary and compelling reasons." Prior to taking such action, however, an inmate is required to request that the Director of the Bureau of Prisons ("BOP") file a motion on his behalf, and to "fully exhaust[] all administrative rights to appeal a failure of the BOP to bring a motion." *Id.* Administrative rights are exhausted when the warden refuses to recommend that the BOP file a compassionate release motion with the court, and the prisoner appeals the denial using the BOP's Administrative Remedy program, or if there has been a "lapse of 30 days from the receipt of such

a request by the warden of the defendant's facility." Program Statement 1330.18; 28 C.F.R. 542(B), The Sixth Circuit has interpreted this to mean that the exhaustion requirement is satisfied thirty days after a warden receives a request by an inmate, regardless of whether any administrative appeals are available or have been pursued. *See, United States v. Alam*, 960 F.3d 831 (6th Cir. 2020). Although he claims to have submitted a request for compassionate release to the Warden of his institution on December 16, 2023, the prison has no record of receiving a request from Mr. Raymore. Mr. Raymore has not provided any evidence to show that a request was submitted or what he included as a basis for that request. The exhaustion requirement is "mandatory" if invoked by the government and is not subject to any "judge-made exceptions." *Alam*, 960 F.3d at 834. There are no equitable exceptions "to account for irreparable harm or futility," including in cases involving COVID-19. *Id*. at 835-36; *USA v. Minor*, Case No. 20-3467, at 3 (6th Cir. March 2, 2021). . (ECF #285, PageID1880). In this case, the government has invoked the exhaustion requirement and Mr. Raymore has failed to demonstrate that he did, in fact, exhaust his administrative remedies. Therefore, the Court must dismiss the motion.

    IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: January 31, 2025