IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 1:19–CR–00081 |
| ) | |
| Plaintiff, ) | |
| ) | JUDGE DONALD C. NUGENT |
| v. ) | |
| ) | |
| GREGORY C. RAYMORE, ) | **MEMORANDUM OPINION AND** |
| ) | **ORDER** |
| Defendant. ) | |

This matter comes before the Court upon Defendant Gregory C. Raymore's third *Motion for Compassionate Release*. (ECF # 105). The Court denied his first *Motion for Compassionate Release*, (ECF # 79), on January 10, 2022. On March 5, 2024, he filed a second *Motion for Compassionate Release*, (ECF # 91), which the Government opposed, (ECF # 101), and the Court denied without prejudice for failure to exhaust administrative remedies. (ECF # 102). Defendant refiled his Motion on May 14, 2025, this time in compliance with the exhaustion requirement. The Government has not filed an opposition to the Motion, but has asked the court to consider its previously filed opposition, (ECF # 101), to the extent it applies.

Under the terms of the First Step Act, 18 U.S.C. § 3582(c)(1)(A), inmates can petition the court to modify their prison sentence for "extraordinary and compelling" reasons. Before doing so, an inmate must request the Director of the Bureau of Prisons ("BOP") to file a motion on his behalf and "fully exhaust[] all administrative rights to appeal a failure of the BOP to bring a motion. *Id*. Administrative rights are exhausted when the Warden refuses to file a compassionate

release motion on the prisoner's behalf, and the prisoner appeals the denial using the BOP's Administrative Remedy program, or there has been a "lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." Program Statement 1330.18; 28 C.F.R. 542(b). The Sixth Circuit has interpreted this to mean that a prisoner satisfies the exhaustion requirement once thirty days have passed since the warden received the request, regardless of whether any administrative appeals are available or have been pursued. *See United States v. Alam*, 960 F.3d 831 (6th Cir. 2020). The record reflects that Defendant filed a request for compassionate release with the BOP, which the Warden received on February 13, 2025. (ECF #105-1, *Inmate Request to Staff*, p.1 [PageID 1422]). Therefore, the Court will consider the merits of Mr. Raymore's Motion.

To justify compassionate release, a court, "after considering the factors set forth in 18 U.S.C. § 3553(a), must determine: (1) that extraordinary and compelling reasons warrant a sentence reduction;[1] (2) that the defendant is not a danger to the safety of any other person or to the community as provided in 18 U.S.C. § 3142(g); and (3) that the reduction is consistent with the U.S.S.G.'s policy statement in § 1B1.13. *See United States v. Jones*, 980 F.3d 1098, 1106 (6th Cir. 2020).

Before the Court invalidated U.S.S.G. § 1B1.13(b)(6) in *United States v. Bricker*, 135 F.4th 427 (6th Cir. 2025), the provision allowed courts to consider an "unusually long sentence" when determining whether an "extraordinary and compelling" reason warranted release. The relevant portion provided that:

> "If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would

---

[1] Alternatively, courts may consider a reduction if the defendant is at least 70 years old and has served at least 30 years in prison.

produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances."

The Court invalidated § 1B1.13(b)(6) because it violated separation of powers by contradicting a prior District Court holding and ignoring the statutory minimum sentences set by Congress. Ultimately, post-*Bricker*, a nonretroactive change in the law no longer qualifies as an "extraordinary and compelling" reason warranting release.

Accordingly, Defendants' arguments that changes in law create an "extraordinary and compelling" reason for release must fail.[2] He cannot rely on *United States v. White*, 58 F.4th 889 (6th Cir. 2023) to argue that his conviction for aggravated robbery no longer qualifies as a violent felony, which would reduce his base offense level from 26 to 22 if sentenced today. (ECF # 105, *Motion for Compassionate Release*, p.3 [PageID 1421]). Nor can he rely on Amendment 821 to argue that his criminal history score would be reduced from 12 to 11. (ECF # 98, *Supplemental Motion for Compassionate Release*, p.8 [PageID 1183]). Amendment 821 altered the computation of "status points" used to calculate a defendant's criminal history category. Here, the Amendment would reduce Defendant's criminal history score from 12 to 11. With or without the application of Amendment 821, Defendant would still fall into criminal history category five (V). (*Id.*).

Defendant also alleges that on April 18, 2022, he was assaulted by prison staff who coerced him into stating, on camera, that he did not suffer any injuries from the altercation. (ECF # 105, *Motion for Compassionate Release*, p.2 [PageID 1420]). Defendant further claims that on

---

[2] In his second *Motion for Compassionate Release*, Defendant argues he is no longer a Career Offender given the changes to predicate offenses in *Borden v. United States*, 593 U.S. 420 (2021). (ECF # 91, *Motion for Compassionate Release*, p.3 [PageID 1160]). However, his Defense counsel notes he was not considered a Career Offender at sentencing. (ECF # 98, *Supplemental Motion for Compassionate Release*, p.7 [PageID 1182]). Therefore, the Court need not address this argument.

August 6, 2022, he fractured his hand defending himself.³ (ECF # 98, *Supplemental Motion for Compassionate Release*, p. 5 [PageID 1180]). Following the fracture, Defendant alleges he received inadequate medical care, resulting in a permanent handicap to his dominant hand that prevents him from exercising, playing sports, and lifting heavy objects. (*Id.* at p.4–5 [PageID 1180–1181]). In addition, on July 20, 2023, Defendant allegedly sustained a concussion and another fracture, this time to his foot, after he was pushed down a flight of stairs. (*Id.* at p.6 [PageID 1181]). As a result of the incident, he allegedly suffers from back pain and memory loss. (*Id.*).

U.S.S.G. § 1B1.13(b)(1) outlines the permitted "medical circumstances" that warrant early release. They include terminal illness, serious physical or medical conditions, serious functional or cognitive impairments, or a deterioration of physical or mental health due to advanced age. The ailments alleged by Defendant are not of the type and gravity sufficient to justify early release. In addition, Defendant provides no indication that the Bureau of Prisons cannot adequately tend to his injuries.

Defendant also argues that he is qualified for relief because, once released, he will care for his mother, who suffers from "health problems." (ECF # 91, *Motion for Compassionate Release*, p.4 [PageID 1161]). Under U.S.S.G. § 1B1.13(b)(3)(C), the following constitutes a sufficiently "extraordinary and compelling" reason warranting release: when there is an "incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent." Mr. Raymore fails to provide any information regarding his mother's specific health conditions or that would show he is the only available caretaker as required under § 1B1.13(b)(3)(C).

---

³ Defendant argues the injury occurred while defending himself, whereas medical records indicate he said it was from falling in the rec yard. (ECF # 101, *Gov. Response in Opposition to Defendant's Second Motion for Reconsideration*, p.9 [PageID 1203]).

Even if Defendant could demonstrate an extraordinary and compelling reason for early release, he would not qualify for a reduction after consideration of the § 3553(a) factors. The § 3553(a) factors require the court to assess the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence imposed, the protection of the community, the avoidance of unwarranted sentencing disparities, and all other considerations that factored into the original sentencing decision.

Here, law enforcement arrested Defendant following a fatal shooting outside a nightclub. (ECF # 24, *Gov. Trial Brief*, p.1–2). Police recovered a .45 caliber handgun and gloves in the vicinity of the shooting, both of which contained Defendant's DNA. (ECF # 40, *Presentence Investigation Report*, p.5 ¶18). Surveillance video placed Defendant on the scene both before and after the shooting. (*Id.* at ¶17).

Defendant has extensive prior convictions for, among others, aggravated robbery, aggravated burglary, carrying a concealed weapon, resisting arrest, assault, drug possession, and being a felon in possession of a firearm. (*Id.* at p.7–12). His numerous convictions indicate he is a danger to the community. Further, this is his second time receiving a conviction for being a felon in possession of a firearm, and he committed the instant offense while under supervision. (*Id.* at p.12). Both of these circumstances suggest a high risk of recidivism and indicate that he is not amenable to rehabilitation.

The Court has considered his plan to successfully reintegrate into society. His motivation to better himself upon release by pursuing employment with the Salvation Army, seeking counseling, and enrolling in Lorain Community College is admirable. However, they do not overcome the remaining § 3553(a) factors.

For the reasons set forth above, Defendant's *Motion for Compassionate Release*, (ECF # 105), is DENIED.

IT IS SO ORDERED.

_____.
DONALD C. NUGENT
United States District Judge

DATED: __August 12, 2025__